On behalf of the plaintiff it was proved that the mule was borrowed from the plaintiff's overseer by the wife of the defendant; that the mule was the property of the plaintiff and was so injured while in the service of the defendant as to be rendered of no value, and shortly afterwards died. It was also in proof for the plaintiff that the defendant's wife had borrowed from a former overseer of the plaintiff, horses belonging to the plaintiff, and that the defendant had repeatedly expressed his thanks to the overseer for his kindness in making such loans. It also appeared that the defendant's wife had been in the habit of borrowing from another neighbor with the approbation of her husband; but that after the *Page 254 
borrowing of the plaintiff's mule when the defendant who was absent from home at the time, was informed of the injury done, he told (320) his wife that "he was sorry, and that she had done wrong." His Honor instructed the jury that if they believed the mule went into the possession of the defendant's wife, and that the acquired that possession by the directions of her husband, and that she had his approbation for that particular borrowing, either express or implied, and that the mule was thereby lost to the plaintiff, the plaintiff was entitled to recover. The jury returned a verdict for the plaintiff and the defendant appealed.
There can be no exception to the charge of the judge. A feme covert may become an agent even for her husband. Co. Litt., 52a; Prestwick v.Marshall; 7 Bingh., 575; 1 Esp. Rep., 142; 2 Esp. Rep., 511. Such appointment as agent may be inferred from the acts and conduct of the supposed principal respecting her. When the agency is to be inferred from the conduct of the principal, that conduct furnishes the only evidence of its extent, as well as of its existence; and in solving all questions on this subject the general rule is that the extent of the agent's authority is (as between his principal and third persons) to be measured by the extent of the usual employment of that person. Pickering v. Busk, 15 East, 38; Whithead v. Tucket, 15 East, 400; Townsend v. Ingles; Holt 278; 3 Esp., 60; 4 Camp., 88; 2 Stark. Rep., 368; Smith's Mer. Law, 57. Secondly, the defendant was liable for the injury done to the property of the plaintiff by the negligence, carelessness or unskillfulness of his servants in their performance of his business. The wife in the eye of the law is his servant; and the husband would be equally liable to third persons for her negligent and careless acts in doing his business, as he would be for the acts of any other of his servants. The judgment must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Huntley v. Mathias, 90 N.C. 105. *Page 255 
(321)